IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Carl Schröter GmbH & Co. KG, | |
| Plaintiff, | Civil Action No.: 2:20-cv-334-RMG |
| vs. | **VERIFIED COMPLAINT** |
| Smooth Navigation S.A., | |
| Defendant. | |

NOW COMES, plaintiff, Carl Schröter GmbH & Co. KG, through undersigned counsel, and files this Verified Complaint against defendants, M/V EVOLUTION (International Maritime Organization Number 9122899) her engines, tackle, equipment, furniture, appurtenances, etc., *in rem*, and Smooth Navigation S.A., *in personam*, for damages and maritime arrest, and upon information and belief, avers as follows:

**JURISDICTION AND VENUE**

1.  This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Federal Rule of Civil Procedure 9(h).

2.  Venue is proper in this District in accordance with Rule B as M/V EVOLUTION is or will be within the physical jurisdiction of this Court during the pendency of this action as it is scheduled to unload cargo in the port of Charleston on January 30, 2020.

**PARTIES**

3.  At all material times, Carl Schröter GmbH & Co. KG was and is a corporation or business entity organized and existing pursuant to the laws of the Federal Republic of Germany, with a place

of business located in Bremen, Germany. Carl Schröter GmbH & Co. KG is the assignee of the maritime lien of Interfer-Steel and Commodities FZE and Interfer-Steel and Commodities FZE's cargo underwriters, Gothaer Allgemeine Versicherung AG, Generali Versicherung AG, Zurich Insurance plc Niederlassung für Deutschland, ERGO Versicherung AG, UNIQA Österreich Versicherungen AG, Helvetia Schweizerische Versicherungsgesellschaft AG, HDI Global SE, KRAVAG-LOGISTIC Versicherungs-Aktiengesellschaft, Bayerischer Versicherungsverband Versicherungsaktiengesellschaft, Basler Sachversicherungs-AG and StarStone Insurance SE, and therefore prosecutes this admiralty claim as the holder of Interfer-Steel and Commodities FZE's claims against defendants as more fully set forth herein.

4.      Carl Schröter GmbH & Co. KG is the agent of Gothaer Allgemeine Versicherung AG, Generali Versicherung AG, Zurich Insurance plc Niederlassung für Deutschland, ERGO Versicherung AG, UNIQA Österreich Versicherungen AG, Helvetia Schweizerische Versicherungsgesellschaft AG, HDI Global SE, KRAVAG-LOGISTIC Versicherungs-Aktiengesellschaft, Bayerischer Versicherungsverband Versicherungsaktiengesellschaft, Basler Sachversicherungs-AG and StarStone Insurance SE (collectively hereinafter referred to as "Cargo Underwriters").

5.      Upon information and belief, Smooth Navigation S.A. was and is a corporation or business entity organized and existing pursuant to the laws of a foreign country and is the owner and operator of M/V EVOLUTION, an ocean going vessel.

## FACTS

6. Interfer-Steel and Commodities FZE purchased 15,095.638 metric tons of Direct Reduced Iron (Type B) from CGT Middle East, LLC to be delivered to a port to be identified at a later date in Indonesia.

7. Interfer-Steel and Commodities FZE then sold the 15,095.638 metric tons of Direct Reduced Iron (Type B) to PT Ispat Indo and agreed to deliver said Direct Reduced Iron to the port of Surabaya, Indonesia.

8. Upon information and belief, the owner of M/V EVOLUTION, Smooth Navigation S.A., entered into an agreement with Sandor Shipping OU to charter M/V EVOLUTION, an ocean going vessel, to Sandor Shipping OU for the transportation of cargo. Upon information and belief the contract between Smooth Navigation S.A. and Sandor Shipping OU calls for the application of English Law.

9. Interfer-Steel and Commodities FZE contracted with Sandor Shipping OU to ship the 15,095.638 metric tons of Direct Reduced Iron (Type B) to the port of Surabaya, Indonesia on board M/V EVOLUTION. The contract between Interfer-Steel and Commodities FZE and Sandor Shipping OU calls for the application of English Law.

10. The 15,095.638 metric tons of Direct Reduced Iron (Type B) was loaded onto M/V EVOLUTION in the port of Bandar Abbas, Iran.

11. M/V EVOLUTION with the 15,095.638 metric tons of Direct Reduced Iron (Type B) sailed to the port of Surabaya, Indonesia.

12.     During the voyage to the port of Surabaya, Indonesia, M/V EVOLUTION encounter rough seas, which resulted in salt water entering the holds of M/V EVOLUTION and coming in contact with part of the 15,095.638 metric tons of Direct Reduced Iron (Type B).

13.     When Direct Reduced Iron comes in contact with salt water and is exposed to oxygen, it oxidizes and heats up.

14.     Upon discharge of the 15,095.638 metric tons of Direct Reduced Iron (Type B) in the port of Surabaya, Indonesia, said Direct Reduced Iron was not delivered in the same condition as received in the loading port. To the contrary, the 15,095.638 metric tons of Direct Reduced Iron (Type B) was delivered in a damaged condition due to exposure to salt water.

15.     The damage to the 15,095.638 metric tons of Direct Reduced Iron (Type B) in excess of US $1,552,560.06.

16.     Pursuant to an insurance contract between the Cargo Underwriters and Interfer-Steel and Commodities FZE for insurance on the 15,095.638 metric tons of Direct Reduced Iron (Type B), Carl Schröter GmbH & Co. KG., on behalf of Cargo Underwriters, paid Interfer-Steel and Commodities FZE US $1,552,560.06 for the resulting damage to said Direct Reduced Iron.

17.     Interfer-Steel and Commodities FZE assigned its claim to Cargo Underwriters' recovery agent, Carl Schröter GmbH & Co. KG.

18.     As of the date of this filing, Carl Schröter GmbH & Co. KG is owed in excess of US $1,552,560.06 for the damage to the 15,095.638 metric tons of Direct Reduced Iron (Type B).

## FIRST CAUSE OF ACTION
## (NEGLIGENCE)

19.     Carl Schröter GmbH & Co. KG restates the above allegations contained in paragraphs 1

through 18 as if set forth herein verbatim.

20. The negligence of Smooth Navigation S.A., its agents, servants, or employees, acting individually, or concurrently, caused Carl Schröter GmbH & Co. KG's damages in the following respects:

    A. Failing to have a safe vessel to store and transport the subject DRI;

    B. Failing to properly train its employees to safely run a vessel to store and transport the subject DRI;

    C. Failing to protect the subject DRI;

    D. Permitting the subject DRI to be exposed to salt water;

    E. Failing to properly maintain M/V EVOLUTION so that it could safely store and transport the subject DRI; and

    F. Other acts of negligence that will be shown at trial of this matter.

21. As a direct result of negligence of Smooth Navigation S.A., Carl Schröter GmbH & Co. KG, Interfer-Steel and Commodities FZE, and Cargo Underwriters have sustained and will continue to sustain damages, which will be shown more fully at trial of this cause.

**SECOND CAUSE OF ACTION**
**(BREACH OF BAILMENT)**

22. Carl Schröter GmbH & Co. KG restates the above allegations contained in paragraphs 1 through 18 as if set forth herein verbatim.

23. By failing to protect the subject DRI from salt water, Smooth Navigation S.A. failed to exercise the ordinary care required under the circumstances.

24. It was or should have been foreseeable to Smooth Navigation S.A. that its breach of said duty

of care would result in the loss of or damage to the subject DRI.

25. Carl Schröter GmbH & Co. KG, Interfer-Steel and Commodities FZE, and Cargo Underwriters have suffered a loss as result of Smooth Navigation S.A.'s failure to exercise ordinary care in the safekeeping of the subject DRI.

**THIRD CAUSE OF ACTION**
**(REQUEST FOR ATTACHMENT OF M/V EVOLUTION**
**PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B)**

26. Carl Schröter GmbH & Co. KG repeats and re-alleges paragraphs 1 through 18 as if they are set forth herein.

27. On information and belief, Smooth Navigation S.A. is a non-resident who does not maintain any offices and has no agents for service of process within this district or within the State of South Carolina, and therefore cannot be found in this district.

28. On further information and belief, M/V EVOLUTION is the property of Smooth Navigation S.A. and is located in this District.

29. Pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Carl Schröter GmbH & Co. KG is entitled to attach M/V EVOLUTION to satisfy Carl Schröter GmbH & Co. KG 's claims, including but not limited to pre-judgment interest, costs, expenses.

30. Carl Schröter GmbH & Co. KG agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest of M/V EVOLUTION.

31. All and singular the foregoing premises are true and correct within the admiralty jurisdiction of this Honorable Court.

32. That Carl Schröter GmbH & Co. KG is entitled to security for its claims against Smooth Navigation S.A.

33. Carl Schröter GmbH & Co. KG contends that the aforementioned claim and dispute is subject to arbitration in London, England and reserves its right to proceed with arbitrating the merits of its claims with Defendant.

**WHEREFORE**, plaintiff, Carl Schröter GmbH & Co. KG, prays:

1. That this Verified Complaint be deemed good and sufficient;

2. That defendant, Smooth Navigation S.A., cannot be found within the district pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and that the goods and chattels or credits and effects within the district and/or the State of South Carolina belonging to said defendant, namely, M/V EVOLUTION, be attached in amounts sufficient to answer Plaintiff's claims with interest, costs, and attorneys' fees;

3. That a summons issue to defendant, Smooth Navigation S.A., citing it to appear and to answer the matters aforesaid;

4. That after due proceedings are had, there be judgment entered in favor of Plaintiff and against Smooth Navigation S.A. requiring Defendant to pay damages to Plaintiff in the amount of more than $1,552,560.06 and all other damages as may be proven at trial, with prejudgment interest, attorney's fees, and all costs of these proceedings; and;

5. That this Court grant Plaintiff such other and further relief as may be just and proper.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully submitted:

BLUESTEIN LAW FIRM, P.A.

By: s/ S. Scott Bluestein
S. Scott Bluestein - Federal No. 6981
P.O. Box 22253
Charleston, SC 29413
1040 eWall Street
Mount Pleasant, SC 29464
Telephone: (843) 577-3092
Facsimile: (843) 577-3093
E-mail: scott@boatinglaw.us

ATTORNEY FOR PLAINTIFF

January 30, 2020
Mount Pleasant, South Carolina