IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| Carl Schroter GmbH & Co. KG, | ) | Civil Action No.: 2:20-cv-334-RMG |
| Plaintiff, | ) | **DEFENDANT'S** *EMERGENT* **MOTION TO VACATE WARRANT OF ATTACHMENT OF VESSEL** |
| vs. | ) | |
| Smooth Navigation S.A. | ) | |
| Defendant. | ) | |

COMES NOW, Defendant Smooth Navigation S.A. ("**Smooth**" or "**Defendant**"), via restricted appearance pursuant to *Fed. R. Civ. P. Supp. Adm. R.* E(8),[1] to move this Honorable Court on an emergency basis, pursuant to *Fed. R. Civ. P. Supp. Adm. R.* E(4)(f),[2] to vacate the Warrant of Attachment of its Vessel issued on January 31, 2020 (ECF No. 9).

Defendant is the owner of the M/V EVOLUTION, the oceangoing bulk carrier registered in the Republic of Liberia, bearing IMO Number 9122899, and which has been restrained and attached at Charleston since January 31, 2020 (the "**Vessel**"). Smooth hereby moves pursuant to Supplemental Admiralty Rule E(4)(f) for a prompt hearing at which Plaintiff Carl Schroter GmbH

---

[1] (8) RESTRICTED APPEARANCE. An appearance to defend against an admiralty and maritime claim with respect to which there has issued process *in rem*, or process of attachment and garnishment, may be expressly restricted to the defense of such claim, and in that event is not an appearance for the purposes of any other claim with respect to which such process is not available or has not been served.

[2] (4)(f) *Procedure for Release From Arrest or Attachment*. Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules….

1

& Co. KG ("**Plaintiff**" or "**Schroter**") shall be required to show cause why the ex parte attachment of Plaintiff's Vessel should not be vacated.

As set forth more fully in the Defendant's supporting Memorandum of Law filed herewith and in the accompanying Declaration of Michail D. Kokkinis, President and Director of Smooth, Plaintiff lacks the *prima facie* maritime claim that is required by Supplemental Admiralty Rule B to maintain an attachment of the Vessel. Further, there are considerable equitable considerations which militate for *vacatur* of the attachment. In this regard, while ex parte maritime attachment is an extraordinary equitable remedy which permits a claimant to restrain another party's property without notice, it follows that when the attaching party comes to Court with unclean hands, the attachment should not stand. Hence the procedure for release from arrest or attachment.[3]

In view of the mounting costs and delays the Defendant is incurring while the Vessel is judicially restrained from trading, the Defendant respectfully requests a hearing on the merits as soon as can possibly be scheduled.

[*Signature page follows*]

---

[3] *See supra* FN 2.

Respectfully submitted, this 20th Day of February 2020 at Charleston, South Carolina.

|  | WOMBLE BOND DICKINSON (US) LLP |
|--|--|
|  | */s/ Ryan Gilsenan*<br>Ryan D. Gilsenan, Fed ID No. 9837<br>5 Exchange Street<br>P.O. Box 999<br>Charleston, South Carolina 29401<br>(843) 720-4617<br>Email:<br>   Ryan.gilsenan@wbd-us.com<br><br>Thomas L. Tisdale (*Pro Hac Vice forthcoming*)<br>Timothy J. Nast (*Pro Hac Vice forthcoming*)<br>Tisdale Law Offices, LLC<br>200 Park Avenue, Suite 1700<br>New York, New York 10166<br>(212) 354-0025<br>Email:<br>   ttisdale@tisdale-law.com<br>   tnast@tisdale-law.com<br><br>*Counsel for the Defendant Smooth Navigation S.A.* |