# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION
# IN ADMIRALTY

Carl Schröter GmbH & Co. KG,

        Plaintiff,

vs.

Smooth Navigation S.A.,

        Defendant.

Case No. 2:20-cv-334-RMG

---

Praxis Energy Agents LLC,

        Intervening Plaintiff,

vs.

M/V EVOLUTION, IMO No. 9122899, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, Smooth Navigation S.A., and Beta Maritime Corporation, *in personam*,

        Defendants.

## INTERVENING PLAINTIFF PRAXIS ENERGY AGENTS LLC'S MOTION FOR LEAVE TO FILE A VERIFIED COMPLAINT IN INTERVENTION

COMES NOW Intervening Plaintiff, Praxis Energy Agents LLC (hereinafter "PRAXIS"), by and through its undersigned counsel, and files this Motion for Leave to File a Verified Complaint in Intervention. PRAXIS moves this Honorable Court for an order that it may intervene in this action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. In support thereof, PRAXIS would respectfully show the Court as follows:

//

//

# FACTUAL BACKGROUND

1. PRAXIS seeks to recover amounts indisputably due and owing for the supply of bunker fuel and lubricants to the M/V EVOLUTION (hereinafter the "Vessel") pursuant to three (3) supply contracts.[1] *See* Cooper Affidavit at **Exhibit A**, Verified Complaint in Intervention with Exhibits 1 – 11 thereto; *see also*, **Exhibit B** a copy of the Verification to the Verified Complaint in Intervention.

2. Smooth Navigation S.A. (hereinafter "SMOOTH NAVIGATION") was and still is a foreign business and the registered owner of the M/V EVOLUTION. *See* **Exhibit A**, ¶5. Beta Maritime Corporation (hereinafter "BETA MARITIME") was and still is a foreign business and the ship manager, commercial manager, and ISM manager for the M/V EVOLUTION. *See* **Exhibit A**, ¶6.

3. As set forth in detail in the proposed Verified Complaint in Intervention, BETA MARITIME engaged PRAXIS to supply bunker fuel, lubricants, and marine gas oil to the M/V EVOLUTION over three (3) supply contracts. *See* **Exhibit A**, at ¶¶ 7-39 and Exhibits 1-10.

4. The three (3) contracts for the supply of bunkers and lubricants to the Vessel at the Port of Vitoria, the Port of San Sebastiao, and the Port of Charleston incorporated PRAXIS' General Terms and Conditions for the Sale of Marine Bunker Fuels and Lubricants, which stated that the contracts and any disputes therein are governed by the general maritime law of the United States, including but not limited to the right to exercise a maritime lien for necessaries supplied to a Vessel. *Id.*, at ¶ 39.

---

[1] All exhibits cited herein are attached to the Attorney Affidavit of John Hughes Cooper, submitted simultaneously with this Motion for Leave to File a Verified Complaint in Intervention.

5. As a result of SMOOTH NAVIGATION and BETA MARITIME's failure to pay the three (3) invoices, PRAXIS has a valid maritime lien for the supply of bunker fuel and lubricants against the M/V EVOLUTION, IMO No. 9122899, her engines, freights, apparel, appurtenances, tackle etc. *in rem,* pursuant to Rule C of the Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules") and 46 U.S.C. § 31341, *et seq.*

6. As a result of SMOOTH NAVIGATION and BETA MARITIME's failure to pay the three (3) invoices, PRAXIS has a valid maritime claim *in personam* for the supply of bunker fuel and lubricants against Defendants SMOOTH NAVIGATION and BETA MARITIME pursuant to Rule B of the Supplemental Rules.

7. PRAXIS has suffered damages in the amount of USD **313,359.84**, plus applicable interest, costs, and fees. *See* **Exhibit A**. If PRAXIS does not file this intervention, its claim could potentially be prejudiced in the event that the Vessel is sold and/or substitute security is negotiated without the participation of PRAXIS.

8. Accordingly, PRAXIS now seeks leave of the Court to File their Verified Complaint in Intervention pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.

## **ARGUMENT**

9. Federal Rule 24(a)(2) provides that the Court must permit anyone to intervene in an action who files a timely motion and:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The district court has wide discretion in determining whether a request to intervene is timely. *Brink v. DaLesio*, 667 F.2d 420, 428 (4th Cir. 1981).

10. An intervention based on a maritime lien against the *res* is an intervention of right governed by Rule 24(a)(2). *See Patricia Hayes & Assocs. v. Cammell Laird Holdings U.K.*, 339 F.3d 76, 80 (2d Cir. 2003); *see also Banco de Credito Indus. V. Tesoreria Gen.*, 990 F.2d 827 (5th Cir. 1993). Intervenor Plaintiff supplied marine gas oil, bunker fuel, and lubricants onboard pursuant to three (3) supply contracts, all of which remain unpaid.

11. PRAXIS' claims gives rise to a maritime lien for necessaries against the Vessel subject to this action. Rule 24(a) is designed to protect a property interest such as Intervenor Plaintiff's interest directly related to the property, the Vessel, which forms the basis of the controversy in this case. *See Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).

12. To determine whether an applicant can intervene as of right, the applicant must demonstrate four (4) factors:

> (1) timely filing of the motion; (2) an interest in the subject matter of the action; (3) that the protection of this interest would be impaired because of the action; and (4) that the applicant's interest is not adequately represented by existing parties to the litigation.

*Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).

13. In this case, Intervenor Plaintiff's intervention meets the four (4) factor test. PRAXIS timely filed this motion within forty-five (45) days after the M/V EVOLUTION was first attached. There has been no scheduling order or other discovery orders issued in the case, and as such, the intervention will not disrupt this case procedurally and/or prejudice any of the parties.[2]

14. PRAXIS claims an interest in the property subject to this action, *i.e.*, the M/V EVOLUTION which is currently under attachment. PRAXIS provided necessaries to the Vessel at the request of BETA MARITIME (and SMOOTH NAVIGATION) under three (3) separate contracts. *See* **Exhibit A**. The bunkers and lubricants delivered to the Vessel were necessary for

---

[2] In addition, the Lubricants Contract only became past due as of March 8, 2020. *See* **Exhibit A**, at ¶¶ 24-25.

the Vessel to accomplish her mission of commercial trading worldwide. PRAXIS has a maritime lien against the vessel and *in personam* claims against BETA MARITIME and SMOOTH NAVIGATION. Accordingly, the second factor is met.

15. PRAXIS would be impaired if the Court denies intervention in this action given the fact that the M/V EVOLUTION is subject to a valid maritime lien and this Court only has jurisdiction over the *res*, so long as it is within the District of South Carolina. *See Merchants Nat'l Bank v. Dredge General G. L. Gillespie*, 663 F.2d 1338, 1347-1348 (5th Cir. 1981)("Because the lienor has an interest in the vessel, his rights are . . . dependent upon the vessel's continued existence in the port. ***And because the right vanishes with the vessel, a swift and sure process must be available to secure the vessel, the sole defendant in the action***.")(emphasis added). Vessels are highly mobile assets that can be quickly move out of the district and thus out of the reach of the Court's jurisdiction. Historically, maritime arrest actions have long been recognized as available remedies by the Federal Courts on an urgent basis due to the fact that "[m]aritime parties are peripatetic, and their assets are often transitory." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 443 (2d Cir. 2006) (citing *In re Louisville Underwriters*, 134 U.S. 488, 493, 10 S. Ct. 587, 33 L. Ed. 991 (1890));

16. Finally, none of the parties to this action adequately represent PRAXIS' interests. To the contrary, PRAXIS has a competing interest with the other plaintiff in this matter, Carl Schröter GmbH & Co. KG (hereinafter "Carl Schröter"). Carl Schröter initiated this action against SMOOTH NAVIGATION on January 30, 2020 to obtain security for its claim for damages to 15,095.638 metric tons of Direct Reduced Iron (Type B) which was carried onboard the Vessel and allegedly delivered at the Port of Surabaya, Indonesia in a damaged condition. *See* Dkt. No. 1 and No. 39. This Honorable Court granted Carl Schröter's request for attachment of the Vessel

for its damages allegedly in excess of $1,552,560.06. *See* Dkt. No. 9, Order for Issuance of a Warrant of Attachment Pursuant to Admiralty Rule B.

17. In the event that Defendants do not post adequate substitute security for all claims and/or fail to settle the pending claims, this Court may be required to order the interlocutory sale of the Vessel and then assess the disbursement of the proceeds according to each plaintiff's priority right. *See United States v. One 254 Ft. FREIGHTER, M/V ANDORIA*, 570 F. Supp. 413, 415 (E.D. La. 1983), *aff'd*, 768 F.2d 597 (5th Cir. 1985).

18. No other parties are adequately representing PRAXIS' rights and claims.

19. In accordance with the Local Rules for the District of South Carolina, counsel for Intervening Plaintiff PRAXIS affirms that on March 13, 2020, counsel for PRAXIS called and emailed counsel for Plaintiff Carl Schröter GmbH & Co. KG and Defendant Smooth Navigation S.A. to seek their respective positions on the motion to intervene. Counsel for Plaintiff and Defendant are conferring with their respective clients, but given the time-zone differences and foreign parties located abroad, were not able to confirm a formal position on the motion for intervention prior to filing. The Parties will notify the Court if the motion is unopposed.

## **CONCLUSION**

WHEREFORE, Intervening Plaintiff PRAXIS respectfully requests this Honorable Court join PRAXIS in the action by and granting the Motion for Leave to File a Verified Complaint in Intervention, and for such other and further relief as the Court deems just and proper.

Dated: March 13, 2020
      Mt. Pleasant, South Carolina

Respectfully Submitted:

COOPER & BILBREY, P.C.

By: /s/John Hughes Cooper
JOHN HUGHES COOPER, ESQUIRE
   Federal Court ID 298
   South Carolina Bar 1387
   State Bar of Georgia 185986
   shiplaw@jhcooper.com
JOHN TOWNSEND COOPER, ESQUIRE
   Federal Court ID 10172
   South Carolina Bar 76087
   jtc@jhcooper.com
ALBERT GLEN BILBREY, JR., ESQUIRE
   Federal Court ID 12938
   South Carolina Bar 103799
   agbilbrey@jhcooper.com
1476 Ben Sawyer Blvd., Suite 11
Mt. Pleasant, SC 29464
843-883-9099; fax 843-883-9335

*Attorneys for Intervening Plaintiff*

OF COUNSEL

Chalos & Co, P.C.
George M. Chalos, Esq.
Briton P. Sparkman, Esq.
55 Hamilton Avenue
Oyster Bay, NY 11771
*Pro Hac Vice Application Forthcoming*