UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
In Admiralty

|  |  |
|---|---|
| Carl Schröter GmbH & Co., KG, | ) ) ) C.A. No. 2:20-cv-334-RMG ) ) ) ) MOTION TO INTERVENE ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| Smooth Navigation S.A., | |
| Defendant | |

The Intervening Plaintiffs, Khader I. Allahawani; George C. Angeles, Jr.; Enrico C. Bargos; Mark Anthony G. Bayudan; Geruncio B. Bondalo; Carlos D. Cabral; Sharewin B. Diaz; Fadi R. El Seddik; Leo A. Jomento; Regin M. Labesores; Honorato F. Nufuar; Alan B. Pableo; Zaldy A. Ronquillo; Greene Gregory R. Sanchez; Joel T. Santillan; Arnel P. Silvan; Wilmer G. Verdeflor; Miller B. Villarez; John Harvy P. Vipinosa; Clyde Jayvee B. Ylagan; and Haryl Jay Q. Zacarias, (hereinafter "the Movants" or "the Crew") hereby move, pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, to intervene in the above action and file a verified complaint *in rem* against the property at issue in this case. This filing is intended as a full explanation of the motion in accordance with Local Rule 7.04, DSC.

*Procedural Posture*

This matter involves a maritime attachment of the Liberian-flagged bulk carrier vessel M/V EVOLUTION ("the Vessel"). The Plaintiff filed this action on January 30, 2020. The Court ordered issuance of a warrant of attachment the following day (Entry No. 9), whereupon the Vessel was attached and detained by the United States Marshal. The Court ordered an interlocutory sale

of the Vessel on April 22, 2020 (Entry No. 65). The Vessel is scheduled to be sold at public auction on May 19, 2020 (Entry No. 68).

*Facts*

The Movants are the Vessel's officers and crew. The master, Khader Allahawani, is a Jordanian national, and the chief engineer, Fadi El Seddik, is Lebanese. The remaining officers and crew are Filipino. All are employed aboard the Vessel pursuant to employment contracts with the Vessel's owner or operator, Beta Maritime Corp. They have not been paid their wages since the Vessel was attached, although they have continued throughout to perform their duties. According to the undersigned's current calculations, the Crew are owed the following: Wages due from the Crew's last payment to the date of attachment of the Vessel in the amount of $55,469.08; wages due from the date of attachment through May 19, 2020, in the amount of $299,542.96; and a bonus due on sale of Vessel in the amount of $42,306.00. In addition, some or all of the Crew are likely to be due repatriation expenses unless they sign on as crew for whoever purchases the Vessel at auction.

*The Crew's Lien for Wages*

Maritime law has long recognized a maritime lien for the "[w]ages of the ship's master and crew." THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW (3D ED. 2001) § 7-1 at 436. Courts have described crew wage liens as "sacred liens," for which, "as long as a plank of the ship remains, the sailor is entitled, against all other persons, to the proceeds as a security for his wages." *The John Stevens*, 170 U.S. 113, 119, 18 S. Ct. 544, 42 L. Ed. 969 (1898). *See also International Paint Co., Inc. v. M/V Mission Viking*, 637 F.2d 382, 385 (5th Cir. 1981) (importance of crew member's lien for wages is "axiomatic"). By federal statute, the crew's wage lien is among the "preferred maritime liens" that take priority over a ship mortgage. *See* 46 U.S.C. §§ 31301(5)(D),

2

31326(b)(1). The law of the Vessel's flag state, Liberia, appears to be the same. *See* Liberian Code of Laws, Title 21, § 113.

*Intervention*

Federal Rule 24(a)(2) provides that the Court must permit anyone to intervene in an action who files a timely motion and

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

*See also Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981); *Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). Although a motion to intervene must be timely, the court has "wide discretion in concluding that an application for intervention is timely or untimely." *Brink v. DaLesio*, 667 F.2d 420, 428 (4th Cir. 1982). The court is to "assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. Envtl. Prot. Agency*, 758 F.3d 588, 951 (4th Cir. 2014)

Here, the Crew claim an interest in the form of maritime liens against the Vessel to secure their unpaid wages. As the Court's *Amended Order for Interlocutory Sale of Vessel* notes, the Vessel will be sold free and clear of all liens. (Entry No. 68 at p. 4). If the Crew does not appear in this action and assert their claims to the proceeds of sale, their wage liens are in peril of being extinguished. None of the other parties shares the Crew's interest in collecting their wages. The Crew's ability to protect that interest will be impaired if the Crew is not permitted to intervene and assert a claim for those wages.

As for timeliness, this is a still a relatively recently-filed action. Another intervention motion by a commercial claimant was filed last week and is still pending. (*See* Entry No. 71). Although an interlocutory sale is imminent, the Crew does not ask to postpone that sale or modify its terms. They seek only to protect their maritime lien rights in the proceeds of sale. As yet, there has been no adjudication of the validity of the various claims against the Vessel or their priority, nor has any proceeding been scheduled for that purpose. The Crew is informed and believes that the parties to this case are aware of the Crew's wage claims, the bulk of which appear to qualify as *custodia legis* expenses. The Crew's formal intervention through counsel will, if anything, speed the process of ascertaining the amounts due the Crew from the proceeds of sale and arranging for the payment of those amounts.[1]

The Crew have, moreover, been confined aboard the Vessel since its attachment, a difficult predicament even in the absence of a global pandemic. The Crew's straightened circumstances should be considered in weighing the timeliness of their invention request. Seaman are, as many a case has stated, the "wards of admiralty." *E.g. Harris v. Pennsylvania Railroad Co.*, 50 F.2d 866, 868 (4th Cir. 1931). "[T]he policy of the maritime law has ever been to see that they are accorded proper protection by the vessels on which they serve." *The State of Maryland*, 85 F.2d 944 (4th Cir. 1936).

## CONCLUSION

For the above reasons, the Movants respectfully request the Court to grant their motion to intervene, whereupon they will file a verified complaint *in rem* setting forth their respective maritime lien claims for wages due and such other relief to which they may be entitled.

---

[1] The Crew have requested the parties' consent to their invention. As of this filing, counsel for the Plaintiff and defendant Smooth Navigation S.A. have consented, but the undersigned has not yet heard from the other parties and deems it best to proceed with the filing of this Motion.

        Respectfully Submitted,

        Julius H. Hines

        s/Julius H. Hines

        Julius H. Hines, Fed. I.D. No. 5807
        1535 Hobby Street
        Suite 203-D
        North Charleston, SC 29405
        843 343 7101
        julius@juliushineslaw.com

        Attorney for: Khader I. Allahawani; George C. Angeles, Jr.; Enrico C. Bargos; Mark Anthony G. Bayudan; Geruncio B. Bondalo; Carlos D. Cabral; Sharewin B. Diaz; Fadi R. El Seddik; Leo A. Jomento; Regin M. Labesores; Hohorato F. Nufuar; Alan B. Pableo; Zaldy A. Ronquillo; Greene Gregory R. Sanchez; Joel T. Santillan; Arnel P. Silvan; Wilmer G. Verdeflor; Miller B. Villarez; John Harvy P. Vipinosa; Clyde Jayvee B. Ylagan; and Haryl Jay Q. Zacarias

Charleston, South Carolina

May 17, 2020